**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALID ANDERSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7959** |
| | : | |
| **LT. DRISSEL, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.** **NOVEMBER 13, 2026**

Plaintiff Khalid Anderson, who is currently incarcerated at SCI Frackville, initiated this *pro se* civil action alleging his rights were violated by Defendant Lt. Drissel while he was incarcerated at SCI Phoenix. Anderson seeks leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed. Anderson may file an amended complaint if he can cure the deficiencies noted below.

## I. FACTUAL ALLEGATIONS[1]

Anderson seeks to bring a First Amendment retaliation claim. The Complaint is brief. On October 30, 2025, while was being escorted to the "AC unit" of the restricted housing unit ("RHU") at SCI Phoenix, Anderson was informed of the cell he would be assigned. (Compl. at 7.) The inmate in that cell screamed that he would not share the cell with a black cellmate. (*Id.*) The two corrections officers who were escorting Anderson told him to wait by the lobby door, while one of them, CO Jackson, went to confront the inmate. (*Id.*) The inmate repeated that he did not want a black cellmate. (*Id.*) A few minutes went by and Jackson "gave up" and returned

[1] The factual allegations in this Memorandum are taken from the Complaint (ECF No. 1 ("Compl.")). The Court adopts the sequential pagination supplied to the filings by the CM/ECF docketing system.

Anderson back to Lt. Drissel's office. (*Id.*) Drissel looked at Anderson and said "you are going in that cell since you like putting in law suit [sic] on my friends." (*Id.*) After "back and forth" Drissel "made her decision to put [him] in cell AG2011 with a misconduct to follow right behind it." (*Id.*) In other words, it appears that Anderson was not put in the cell with the referenced inmate since he states he was assigned cell AG2011 while the other inmate was apparently housed on the "AC unit." Anderson received a misconduct later that night.[2] (*Id.*) Anderson suffered no physical injuries but seeks money damages and expungement of the misconduct.

## II. STANDARD OF REVIEW

The Court will grant Anderson leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, it fails to state a claim for relief, or seeks relief from an immune defendant. Pursuant to § 1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

---

[2] Anderson did not attach the misconduct report to his Complaint and does not otherwise describe the nature or reason for the misconduct.

[3] Since Anderson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

As Anderson is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (citation omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

## III. DISCUSSION

The Court understands Anderson to be asserting a First Amendment retaliation claim. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." (citation omitted)).

In order to state a plausible First Amendment retaliation claim, "a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) he suffered some adverse action at the hands of prison officials, and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (internal quotation marks omitted); *see also Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). As to the first element, a

prisoner's filing of a lawsuit, grievance, or other complaint, or even expressing an intent to do so to prison authorities, is constitutionally protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422-23 (3d Cir. 2016) ("For purposes of Watson's retaliation claim, we cannot discern a substantive distinction between retaliation for informing prison officials of an intent to file a grievance or requesting the necessary forms to do so on the one hand, and actually filing such a grievance on the other."); *see also Snider v. Pennsylvania DOC*, 505 F. Supp. 3d 360, 426 (M.D. Pa. 2020) (stating that "filing grievances and lawsuits" is protected activity) (citing *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (*per curiam*)); *Robinson v. Palco*, No. 21-2987, 2022 WL 3009746, at *3 (3d Cir. July 29, 2022) (*per curiam*) (concluding that a complaint stated a plausible retaliation claim where plaintiff alleged that he was issued misconducts that resulted in sanctions after filing PREA complaints).

Regarding the second element, an adverse action "is one sufficient to deter a person of ordinary firmness from exercising his First Amendment rights," and "need not be great in order to be actionable; rather, it need only be more than *de minimis*." *Watson*, 834 F.3d at 422 n.6, 423 (citation modified) (first quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000); then quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)). Although an adverse action might not "standing alone . . . violate the Constitution," it may still be sufficient to support a retaliation claim, because "a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges he was denied." *Rauser*, 241 F.3d at 333 (citing *Allah*, 229 F.3d 224-25). "[B]eing placed in lockdown, being moved to restricted housing, and being issued misconduct charges are more than '*de minimis*' adverse actions." *See Palmore v. Hornberger*, 813 F. App'x 68, 70 (3d Cir. 2020) (*per curiam*) (quoting *McKee*, 436 F.3d at 170); *see also Mitchell*, 318 F.3d at 530-31 ("Mitchell's allegation that he was falsely charged with

misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment.").

To satisfy the third element, a prisoner must allege a causal link between the specific protected activity and the adverse action. *See, e.g.*, *Hammonds v. Headman*, 645 F. App'x 149, 152 (3d Cir. 2016) (*per curiam*) ("[B]ecause Hammonds' conclusory allegations fail to raise the required inference of a causal link between his grievance and the filing of misconduct reports, he failed to state a retaliation claim."). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson*, 834 F.3d at 422; *see also Oliver v. Roquet*, 858 F.3d 180, 195 (3d Cir. 2017) ("Absent supporting facts that make it reasonable to draw an inference of retaliation, [] conclusory assertions of a cause-and-effect relationship between specific protected activities and a later adverse action are insufficient to plead causation."). To plausibly plead the requisite causal connection a plaintiff usually must allege either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Ruttle v. Brady*, No. 22-3000, 2023 WL 5554648, at *2 (3d Cir. Aug. 29, 2023) (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

Anderson's allegations fail to state a plausible retaliation claim. While he claims that Drissel said, "you are going in that cell since you like putting in law suit [sic] on my friends," possibly satisfying the element of constitutionally protected conduct, Anderson fails to allege he was subject to a more than *de minimis* adverse action. First, he was not placed in the AC unit cell with the problem inmate but was assigned to a cell on a different unit, AG2011. Second, Anderson was already being sent to the RHU for an unstated reason, so his placement in the

RHU appears completely unconnected with Drissel's statement. Third, the fact that there was a verbal threat would not constitute an adverse action because verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) (*per curiam*) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *see also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Finally, Anderson has not alleged the causation element. While he claims briefly and with no explanation that he received a misconduct, he does not allege the misconduct was issued in retaliation for his constitutionally protected conduct or, rather, was issued for the underlying reason he was sent to the RHU in the first place before he ever had his encounter with Drissel. Accordingly, Anderson's retaliation claims will be dismissed. *See Miller v. Metzger*, No. 21-2223, 2022 WL 4820322, at *2 (3d Cir. Oct. 3, 2022) (*per curiam*) (affirming dismissal of First Amendment retaliation claim where prisoner failed to provide sufficient factual matter showing that alleged protected activity was a substantial or motivating factor in the decision to discipline him); *McGinnis v. Hammer*, 751 F. App'x 287, 292 n.2 (3d Cir. 2018) (*per curiam*) ("McGinnis' conclusory allegation that his grievance was a substantial motivating factor in Hammer's decision to deny ibuprofen fails to reflect more than a sheer possibility that a defendant has acted unlawfully." (citing *Oliver*, 858 F.3d at 192)); *see also Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (*per curiam*) (holding that "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint. Because it may be possible for Anderson to allege additional facts to make his retaliation claim against Drissel plausible, he will be given leave to amend the claim. An appropriate Order follows regarding amendment.

**BY THE COURT:**



**HON. MIA R. PEREZ**